UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MUKUM ARMSTRONG,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY CENTER, *et al.*,

Respondents.

Case No.  1:26-cv-04094   (AMO)

**ORDER DENYING MOTION TO LIFT NO TRANSFER ORDER**

Re: Dkt. No. 8

On May 28, 2026, Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  On May 29, 2026, the Court set a briefing schedule and ordered that Petitioner remain in the district while the habeas petition is pending.  Dkt. No. 7.  At the time of the May 29 Order, neither party has submitted substantive briefing with respect to the merits of the petition.

Before the Court is Respondents' motion to modify the Court's no transfer order to allow Respondents to execute Petitioner's final order of removal.  Dkt. No. 8.  Petitioner filed a response on June 8, 2026, and Respondents followed with a reply.  *See* Dkt. Nos. 12, 13.  The Parties submitted supplemental briefing on June 11, 2026.  *See* Dkt. Nos. 15, 16.  For the reasons that follow, the Court **DENIES** Respondents' motion to lift the no transfer order.

I.      BACKGROUND

Respondent's brief motion simply explains that "Petitioner is subject to a final order of removal to Cameroon[,]" travel documents have been obtained, and that Petitioner is "manifested for a removal flight(s) to Cameroon within the next 10 days."  Dkt. No. 8 at 1.  The motion did not, however, cite any authority in support of its request to lift the no transfer order, argue that the government would be prejudiced if the order were not lifted immediately, or suggest that the Court

United States District Court
Eastern District of California

lacked jurisdiction to rule on the Petition.  In response, Petitioner argued keeping the no transfer order in place was necessary to maintain the status quo and preserve the Court's jurisdiction as it rules on the Petition.

Following these responses, the Court requested that the parties submit supplemental briefing addressing *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022), a case raised for the first time by Respondents in their Reply.  In their supplemental brief, Respondents further argue that the Court must lift the no transfer order because it lacks jurisdiction over the petition as "by all indications in the pleadings Petitioner intends to challenge the execution of his removal order[.]" Dkt. No. 15 at 3.  Petitioner's supplemental brief clarifies that his Petition does not challenge the removal order itself, but instead only challenges the basis for his continued detention.   Dkt. No. 16 at 1–2.

## II.    DISCUSSION

Under 8 U.S.C. 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. 1252(g).  However, "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order."  *Lopez- Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (*citing Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

Here, the Court has jurisdiction to consider whether Petitioner's continued detention violates due process.  The petition—which was submitted by Petitioner proceeding pro se— alleges (1) that his continued detention without a showing that he is a flight risk or danger to the community violates due process, and (2) that his removal while he moves to reopen his immigration proceedings, and in light of certain immigration applications, would violate due process.  Dkt. No. 1 at 6–7.  In the now counseled supplemental response to the motion, Petitioner clarifies that he is only seeking "release from unlawful executive detention" and not protection from removal.  Dkt. 16 at 2.  Even assuming that a final order of removal is in place here—an issue which has not been briefed or determined by the Court yet—the Court retains jurisdiction to

United States District Court
Eastern District of California

hear Petitioner's due process claim challenging his detention, as this is independent of the merits of his removal order. *See e.g.*, *Marjanjou v. Warden of the Golden State Annex Det. Facility*, No. 1:25-CV-01580-DC-EFB (HC), 2026 WL 925943, at *2 (E.D. Cal. Apr. 6, 2026) ("[P]etitioner is not challenging the merits of his removal order, but rather the absence of due process in his detention without a bond hearing. As such, this court finds that it has jurisdiction."); (*Singh v. Crawford*, No. CV-06-2194-PHX-MHM, 2006 WL 3716774, at *6 (D. Ariz. Nov. 16, 2006) ("Because Petitioner challenges only his detention, and not the merits of his removal order, the Court retains jurisdiction.").

Given that the Court has jurisdiction to hear Petitioner's unlawful detention claim, the Court finds it appropriate to keep its no-transfer order in place while the petition is pending. "[T]he Court retains jurisdiction under the authority of the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *1 n.1 (E.D. Cal. July 14, 2025) (citing *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966)); 28 U.S.C. § 1651(a) ("all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions")' *see also*, *Giorgi v. Chestnut*, No. 1:26-CV-02170-DJC-SCR, 2026 WL 1158572, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted sub nom., Kavtaradze v. Chestnut*, No. 1:26-CV-02170-DJC-SCR, 2026 WL 1275285 (E.D. Cal. May 8, 2026); *Phanhouvong v. Noem*, No. 1:26-CV-02147-DC-DMC-HC, 2026 WL 865899, at *1 (E.D. Cal. Mar. 30, 2026).

Thus, Respondent's motion is DENIED and the order issued in Dkt. No. 7 remains in effect.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

3